UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIEL CLAY

                       Plaintiff,

v.                                                                                      9:09-CV-1245
                                                                                                   (GTS/DRH)

DR. MARY D'SILVA, Director of Dental Services,
New York State Department of Correctional Services,

                       Defendant.
_____

APPEARANCES:

DANIEL CLAY, 99-A-0386
  Plaintiff, *Pro Se*
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

HON. ERIC T. SCHNEIDERMAN                                   JAMES SEAMAN, ESQ.
Attorney General for the State of New York            Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, New York  12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Daniel Clay ("Plaintiff") against New York State Department of Correctional Services Director of Dental Services Dr. Mary D'Silva ("Defendant"), are (1) Defendant's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 12), and (2) United States Magistrate Judge David R. Homer's Report-Recommendation recommending that Defendant's motion be granted (Dkt. No. 21).  Plaintiff has not submitted

any Objections to the Report-Recommendation, and the time in which to do so has expired.  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendant's motion is granted; and Plaintiff's Complaint is dismissed.

**I.      RELEVANT BACKGROUND**

Plaintiff filed his Complaint in this action on November 6, 2009.  (Dkt. Nos. 1, 9.)  The factual allegations of Plaintiff's Complaint are accurately recited in Magistrate Judge Homer's Report-Recommendation.  (Dkt. No. 21, at 2-3.)   The Court will not repeat that recitation in this Decision and Order, which is intended primarily for review by the parties.  The Court will note only that, generally, construed with the utmost of liberality, Plaintiff's Complaint alleges that, between October 2006 and November 2009, while he was incarcerated at Clinton Correctional Facility ("Clinton C.F.") in Dannemora, New York, Defendant violated his constitutional rights by causing him to experience unnecessary pain due to delayed dental treatment.  (*See generally* Dkt. No. 1 [Plf.'s Compl.]; Dkt. No. 9 [Exs. to Plf.'s Compl.].).  More specifically, Plaintiff alleges that, during the time period in question, (1) he experienced unnecessary pain while waiting for the removal of three tooth fragments that remained in his gums following the extraction of one of his teeth on October 11, 2006, and (2) that the delays and pain he experienced was due to Defendant's failure to fulfill her duty to make sure there are a sufficient number of dentists at Clinton C.F. to treat the dental needs of the large population of inmates incarcerated there.  (*Id*.)  Based on these factual allegations, Plaintiff asserts a claim for deliberate indifference to his serious medical needs, in violation the Eighth Amendment.  (*Id*.)

On March 10, 2010, Defendant filed a motion to dismiss the action for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 12.)

Generally, in support of her motion, Defendant asserts the following three arguments: (1) Plaintiff has failed to allege facts plausibly suggesting a claim for deliberate indifference to his serious medical needs because, *inter alia*, (a) he has failed to allege facts plausibly suggesting that Defendant acted with a sufficiently culpable state of mind during the time in question, and (b) indeed, Plaintiff alleges that there were three dentists at Clinton C.F. during the time in question; (2) Plaintiff has failed to allege facts plausibly suggesting a causal connection between anything Defendant did or did not do (regarding the staffing of dentists at Clinton C.F.) and the scheduling delays that Plaintiff allegedly experienced, which were caused by office staff; and (3) based on the factual allegations asserted in Plaintiff's Complaint, Defendant is protected from liability as a matter of law by the doctrine of qualified immunity. (*Id.*)

On April 28, 2010, after being granted an extension of time in which to do so, Plaintiff filed a response in opposition to Defendants' motion. (Dkt. Nos. 15, 16.) Construed with the utmost of special liberality, Plaintiff's response challenges each of the three arguments asserted by Defendants. (*Id.*) Among other things, Plaintiff argues that (1) the third dentist arrived at Clinton C.F. only a "few months" before he filed his Complaint in this action; and (2) a memorandum from "S. Garman, ADSP" at Clinton C.F. dated October 18, 2007, refers to "the vacancy rate of Dental personnel statement and . . . [the need] to help recruit and retain Dental professionals," plausibly suggesting a causal connection between anything Defendant did or did not do (regarding the staffing of dentists at Clinton C.F.) and the scheduling delays that Plaintiff allegedly experienced. (*Id.*)

On February 1, 2011, Magistrate Judge Homer issued a Report-Recommendation recommending that Defendant's motion be granted and that Plaintiff's Complaint be dismissed.

(Dkt. No. 21.) Generally, in support of his recommendation, Magistrate Judge Homer found that Plaintiff had failed to allege facts plausibly suggesting that Defendant was deliberately indifferent to his serious medical needs. (*Id*.) Familiarity with the remaining grounds of Magistrate Judge Homer's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id*.)

## II.    APPLICABLE LEGAL STANDARDS

### A.    Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no

---

[1] On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . .

objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

      B.      **Standard Governing a Motion to Dismiss**

Magistrate Judge Homer correctly recited the legal standard governing a motion to dismiss for failure to state a claim upon which relief can be granted. (Dkt. No. 21.) As a result, this standard is incorporated by reference in this Decision and Order. The Court would add only one point.

While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[3] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[4] Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson v.*

---

[and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

     3     *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) [citing cases].

     4     *See Vega,* 610 F. Supp.2d at 196, n.10 [citing cases].

*Onondaga County*, 549 F. Supp.2d 204, 214 & n. 28 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation of Lowe, M.J., on *de novo* review) [citations omitted].

### III.   ANALYSIS

Plaintiff has not filed objections to the Report-Recommendation.  As a result, the Court need only review the Report-Recommendation for clear error.

After carefully reviewing all of the papers in this action, including Magistrate Judge Homer's Report-Recommendation, the Court concludes that Magistrate Judge Homer's thorough Report-Recommendation is correct in all respects**.**  (Dkt. No. 21.)  Magistrate Judge Homer employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts.  (*Id*.)  As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.  (*Id*.)  Among these reasons are the following: (1) Plaintiff has not alleged facts plausibly suggesting that he was actually harmed by any under-staffing of dentists at Clinton C.F. during the time in question (given that, as the body Plaintiff's Complaint alleges, he received repeated dental care from two different dentists during the majority of the time in question); and (2) even if he has alleged such facts, he has not alleged facts plausibly suggesting that complete dental staffing was possible (given that, as asserted in the Clinton C.F. internal memorandum attached to Plaintiff's Complaint, there was a shortage in the supply of dentists statewide).  (*Id*.)

The court would add only four points.  First, the Report-Recommendation would survive even a *de novo* review.

Second, the repeated dental care that Plaintiff received from three dentists (i.e., Drs. P.J. Kullman, Tahir R. Farooki, and R. Oliveira) at Clinton C.F. during the time in question included

6

two x-ray examinations and three oral surgeries.  (*See generally* Dkt. No. 1.)  Plaintiff's claim is essentially a complaint regarding the perfection and speed with which those dentists provided him dental care.  As the Second Circuit has explained:

> It must be remembered that the State is not constitutionally obligated, much as it may be desired by inmates, to construct a perfect plan for dental care that exceeds what the average reasonable person would expect or avail herself of in life outside the prison walls.  [A] correctional facility is not a health spa, but a prison in which convicted felons are incarcerated.  Common experience indicates that the great majority of prisoners would not in freedom or on parole enjoy the excellence in [medical] care which plaintiff[] understandably seeks . . . .  We are governed by the principle that the objective is not to impose upon a state prison a model system of [medical] care beyond average needs but to provide the minimum level of [medical] care required by the Constitution. . . .  The Constitution does not command that inmates be given the kind of medical attention that judges would wish to have for themselves . . . .

*Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986) [internal quotation marks and citations omitted].

     Third, while Plaintiff has submitted a Clinton C.F. internal memorandum indicating that the medical department at Clinton C.F. had a problem with the recruitment and retention of dental staff (due to a shortage in the supply of dentists statewide), that internal memorandum– which does not indicate it was sent to Defendant, or the source of a communication with Defendant–does not plausibly suggest that Defendant knew, or reasonably should have known, that Clinton C.F. did not have enough dentists to fulfill its obligations under the Eighth Amendment.  (Dkt. No. 9, at 43-45 [Ex. L to Plf.'s Compl.].)

Fourth, the Court notes that, under the circumstances, it need not afford Plaintiff an opportunity to amend his Complaint before dismissal. Affording a *pro se* civil rights plaintiff an opportunity to amend his complaint before dismissal is not required where (1) the plaintiff has already been afforded the opportunity to amend,[5] or (2) the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.[6] Here, it is arguable that Plaintiff has already been afforded the opportunity to amend, through the Court's extra-liberal construction of his papers in response to Defendant's motion as effectively

---

[5] *Shuler v. Brown*, 07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, 07-CV-1264, 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.); *Abascal v. Hilton*, 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan.130 2008) (Kahn, J., adopting, on de novo review, Report-Recommendation by Lowe, M.J.); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec.*, *Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

[6] As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (citations omitted), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied"). This rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355 at *1.

amending the allegations of his Complaint (for example, his allegation, in his response papers, that the third dentist at Clinton C.F. arrived there only "a few months" before he filed his Complaint).  In any event, even if that extra-liberal construction did not constitute an opportunity to amend, the Court finds that, even when construed with the utmost of special liberality, Plaintiff's claims are fatally plagued by defects that are substantive rather than merely formal, such that any amendment would be futile.

 **ACCORDINGLY**, it is

 **ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 21) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

 **ORDERED** that Defendant's motion to dismiss (Dkt. No. 12) is **GRANTED**, and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 25, 2011
   Syracuse, New York

_/s/ Glenn T. Suddaby_
Hon. Glenn T. Suddaby
U.S. District Judge